**Stephens SATTLER, Plaintiff in Error,**

v.

**Jan COULTER, a minor, by Herbert Coulter, as her Father and Next Friend, Defendant in Error.**

No. 36882.

Supreme Court of Oklahoma.

Feb. 26, 1957.

Covington & Donovan, by Gerald K. Donovan, Tulsa, for plaintiff in error.

Harlan S. Trower, Jack J. Ferguson, Jack I. Gaither, Tulsa, for defendant in error.

BLACKBIRD, Justice.

The action, out of which this appeal arose, was commenced by defendant in error, as plaintiff, to recover from plaintiff in error, as defendant, damages for personal injuries she received in a collision between the automobile in which she was riding and another automobile. The parties will hereinafter be referred to as they appeared in the trial court.

The alleged injuries of plaintiff, a girl seven years old, were incurred when she was thrown, by the impact of the collision, from the seat of the automobile to its floor, suffering bruises about the nose and head. There was evidence introduced on her behalf to show that not only was her nose disfigured, but that she also suffered an injury in the nature of a brain concussion, which caused her to have headaches.

At the close of the trial, the jury returned a verdict in plaintiff's favor for damages in the sum of $10,000. After a judgment had been entered in accord with said verdict, and defendant's motion for a new trial had been overruled, he lodged the present appeal.

In his brief, defendant states that the action "resolved itself into a contest * * * as to whether plaintiff had merely sustained a broken nose with no resulting disability, but with some disfigurement, or whether" she sustained an injury to her brain. The general tenor of defendant's argument is that the nose injury is all plaintiff sustained, that recovery of $10,000 for an injury of that character is excessive, and that the judgment and verdict is not supported by the evidence; but he asserts no assignment of error calling for a decision on those matters. His Proposition I, is as follows:

"The Court erred in refusing to permit the Court-appointed doctor to tes-

tify that the plaintiff's complaint of headaches was not a result of the alleged accident, but arose from other causes."

We find no merit in this Proposition, for, as plaintiff's counsel point out, the record shows that Dr. S, an eye, ear, nose and throat specialist, who, by agreement of the parties, was appointed to examine her, *did* testify that (rather than being caused from injuries sustained in the accident) plaintiff's headaches were of the migraine type and of congenital origin.

 Defendant's Proposition II, is as follows:

"*Presumption* based upon presumptive evidence is without probative value and admission of such testimony is error."

Under this Proposition, defense counsel makes an effort to critically analyze at least a portion of the medical testimony concerning the nature and extent of plaintiff's injuries. They criticize portions of the testimony of Drs. F and S, including certain conclusions or opinions, indicating that there is an abnormality in plaintiff's brain and that this abnormality could have been caused by the injuries she received in the accident, rather than from other causes. Counsel fails to point out, however, any error in the trial proceedings, excepted to by them and preserved for review, which invokes this court's power to review such evidence. They mention neither a demurrer to the evidence, nor a motion for a directed verdict, nor charge that the trial court erred in overruling any such demurrer or motion. In the last paragraph of their brief, defense counsel (with apparent reference to the medical testimony above referred to) say:

"With the admission of such testimony into evidence, and before release of the jury to speculate as to the cause, over the timely objection of the defendant, it is obvious the jury presumed what the plaintiff presumed, i. e., that the injury to the nose, not only could have caused but actually did

cause, not a mere EEG abnormality, but a resulting damage."

This is the only place in their argument under Proposition II that defense counsel mention any objection they may have made at the trial. They mention no objection to the introduction of any testimony, and, if the above-quoted statement refers to some objection they made to the cause being submitted to the jury, we find no such objection, or motion, sufficient for that purpose. The record reveals that, at the close of all the evidence, the following occurred:

"Mr. Ferguson: The plaintiff rests, Your Honor.

"Mr. Donovan: Comes now the defendant and demurs to the petition of the plaintiff for the reason and on the ground that plaintiff has failed to show a cause of action under the pleadings.

"The Court: Overruled.

"Mr. Donovan: Exception. Comes now the defendant and moves the Court to instruct the jury that no consideration may be had for any headaches arising out of this action, as no such allegations were pleaded or proved.

"The Court: Overruled."

In their brief, defense counsel concede that, according to the undisputed evidence, plaintiff suffered injuries to her nose. Obviously then, the court was correct in refusing to sustain defendant's above-quoted demurrer "to the petition of the plaintiff" on the ground it "failed to show a cause of action under the pleadings." In plaintiff's petition, she alleged injuries both to her nose and head. In this connection, see Regier v. Hutchins, Okl., 298 P.2d 777, 783. She did not specifically allege she had headaches from her head injuries, but she did allege they were painful, that she is still suffering from them, and will continue to do so. The recovery she sought and obtained was for her injuries, not just for her headaches, which, as her evidence tended to show, was merely one symptom of the head injury. Thus it is plain that there was no merit in counsel's motion.

As we have found no ground for reversal in either of the propositions defendant advanced for that purpose, the judgment of the trial court is affirmed.

DAVISON, HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS, J., concur in result.